# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

Donnelle Shaw, Poor People Republic,

        Plaintiffs,

v.

Oakland County Friend of the Court, Jessica Cooper, Peter Dever, Sarah Boogues, Jeanette Miracle Leshan, Suzanne Hollyer, Victoria Ann Valentine, Alisa Martin, Tara Perez, Shelly Wine, Michelle Johnson, Amanda Tesolin, Tami Hanser, Jessica Cheney, Lisa Cooper, Morgan Andritsis,

        Defendants.

Case No. 20-12492

Judith E. Levy
United States District Judge

Mag. Judge David R. Grand

_____/

## OPINION AND ORDER DISMISSING PLAINTIFFS' COMPLAINT [1] WITHOUT PREJUDICE

Plaintiffs Donnelle Shaw and Poor People Republic[1] filed this complaint on September 4, 2020.[2] (ECF No. 1.) The complaint names numerous parties as Defendants, alleging violations of Plaintiffs' "[c]onstitutional rights, political rights, civil rights, as well as common law rights." (*Id.* at PageID.1.) For the reasons set forth below, Plaintiffs' complaint is DISMISSED WITHOUT PREJUDICE.

## I. Background

On September 14, 2020, the Clerk notified Plaintiffs that the appropriate filing fee had not been paid and that the case may be dismissed if they did not pay the fee or apply for a fee waiver within 7

---

[1] Plaintiff Shaw, proceeding *pro se*, explains that he is "Trustee of [P]oor [P]eople's [R]epublic, [a] private trust." (ECF No. 1, PageID.9.) Generally, "parties may plead and conduct their own cases personally or by counsel." 28 U.S.C. § 1654. The Supreme Court has explained that "save in a few aberrant cases, the lower courts have uniformly held that 28 U.S.C. § 1654 . . . does not allow corporations, partnerships, or associations to appear in federal court otherwise than through a licensed attorney. *Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 202 (1993). Consistent with this principle, a trustee may not represent a trust *pro se*, except if they are the beneficial owner of the claims being asserted. *C.E. Pope Equity Trust v. U.S.*, 818 F.2d 696, 697–98 (9th Cir. 1987). However, because the Court finds that dismissal of the complaint is appropriate under Rule 41(b) and, alternatively, 28 U.S.C. § 1915(e)(2)(B)(ii), the Court will not address the representation issue at this time.

[2] Plaintiffs' filing appears to have been mailed on September 4, was received on September 10, and was entered on the docket on September 14.

days.[3] (ECF No. 3.) Plaintiffs responded on October 5, 2020,[4] asserting that "there is no need for a filing fee due to the fact the United States is bankrupt" and that "it is unconstitutional to demand payment." (ECF No. 6, PageID.25–26.) On October 9, 2020, this Court ordered Plaintiffs to either pay the filing fee pursuant to 28 U.S.C. § 1914(a) or submit a completed fee waiver form as required by 28 U.S.C. § 1915(a)(1) within 30 days. (ECF No. 5, PageID.23.) The Court explained that failure to comply with its October 9 order could result in dismissal of the case. (*Id.*)

Plaintiffs responded on October 21, 2020[5] with an "Affidavit of Pressumption [sic] Error/Petition of Redress." (ECF No. 7.) Plaintiffs assert that the Court is "operating a for profit cooperation separate from the government . . . [a]nd it is treason," that the "waiver fee form is for federal employees," and that "[j]udges who become involved in enforcement o[f] mere statu[t]es . . . act as mere clerk's [sic] of the agency

---

[3] When a party cannot pay the fee and instead submits a fee waiver, this is referred to as proceeding "in forma pauperis."

[4] Plaintiffs' "Affidavit of Truth" is dated October 5, was received on October 19, and was entered on the docket on October 26.

[5] Plaintiffs' response is dated October 21, appears to have been mailed on October 26, and was entered on the docket on October 30.

involved." (*Id.* at PageID.32–33.) They conclude that "[i]t is unconstitutional to ask for a fee other than in common law." (*Id.* at PageID.35.)

## II. Analysis

Plaintiffs' conclusions are not correct statements of the law. As the Court explained in its October 9 order, 28 U.S.C. § 1914(a) requires the Court to collect a filing fee from the plaintiffs in any civil action. (*See* ECF No. 5, PageID.23.) If the plaintiffs are unable to pay the filing fee, they may submit a fee waiver form and the Court may permit them to proceed in forma pauperis. *See* 28 U.S.C. § 1915(a)(1). Plaintiff Shaw's assertion that he is "not a [U]nited [S]tates citizen," (ECF No. 7, PageID.32), does not alter his obligation to either pay the filing fee or submit a fee waiver.

Plaintiffs did not include a completed fee waiver form in their October 21 response. As of the date of this order, Plaintiffs have also not paid the filing fee. Given Plaintiffs' failure to comply with the October 9 order, the Court must now consider whether dismissal is appropriate.

**A. Dismissal is Proper Under Fed. R. Civ. P. 41(b)**

Plaintiffs' unwillingness to pay the filing fee or submit an application to proceed in forma pauperis requires dismissal of Plaintiffs' complaint under Fed. R. Civ. P. 41(b).

"Rule 41(b) of the Federal Rules of Civil Procedure confers on district courts the authority to dismiss an action for failure of a plaintiff to prosecute the claim or to comply with the Rules or any order of the court." *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 736 (6th Cir. 2008) (citing *Knoll v. AT & T*, 176 F.3d 359, 362–63 (6th Cir. 1999)); *see also* Eastern District of Michigan Local Rule 41.2. The Supreme Court has similarly explained that "[t]he authority of a federal trial court to dismiss a plaintiff's action . . . because of his failure to prosecute cannot seriously be doubted." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629 (1962). Courts in this Circuit consider the following four factors in determining whether dismissal for failure to prosecute under Fed. R. Civ. P. 41(b) is appropriate:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Schafer*, 529 F.3d at 737 (quoting *Knoll*, 176 F.3d at 363). "Although typically none of the factors is outcome dispositive, . . . a case is properly dismissed by the district court where there is a clear record of delay or contumacious[6] conduct." *Id.* (alteration in original) (footnote added) (quoting *Knoll*, 176 F.3d at 363).

Plaintiffs' responses indicate that they understood that the Court was requesting they pay the filing fee or complete a fee waiver application. (*See* ECF No. 6, PageID.25 ("there is no need for a filing fee"); ECF No. 7, PageID.32 ("asking for a 400.00 dollar fee . . . is treason;" "the waiver fee form is for federal employees").) While the Court identified the statutory authority for these requirements in its October 9 order (ECF No. 5, PageID.23), Plaintiffs continue to insist they do need to comply (*see* ECF No. 7, PageID.34–35 ("[N]o statute . . . asking for a [f]ee is lawful . . . . It is unconstitutional to ask for a fee other than in common law. . . . I object to the order of a waiver fee.")). Based on these responses, the Court concludes that Plaintiffs' failure to pay the fee is willful and therefore weighs in favor of dismissal.

---

[6] Contumacious means "stubbornly disobedient." *Contumacious*, Merriam-Webster, https://www.merriam-webster.com/dictionary/contumacious (last visited November 23, 2020) [https://perma.cc/X9HB-AMN4].

While Defendants are unlikely to be prejudiced by Plaintiffs' conduct, both the Clerk's September 14 notice and the Court's October 9 order warned Plaintiffs that failure to comply could lead to dismissal of this action. (*See* ECF Nos. 3, 5.) Although the Court has not imposed less drastic sanctions prior to dismissal, such sanctions would be futile given Plaintiffs' view that they need not pay the filing fee under any set of circumstances. Accordingly, the Court finds that there is a clear record of contumacious conduct and that dismissal under Fed. R. Civ. P. 41(b) is therefore appropriate.

## B. Dismissal is Also Proper Under § 1915(e)(2)

Even if the Court construes Plaintiffs' response as a request to proceed in forma pauperis,[7] dismissal of the complaint is also proper under the screening requirements of 28 U.S.C. § 1915(e)(2)(B)(ii). The complaint alleges generally that Plaintiffs' "[c]onstitutional rights, political rights, civil rights, as well as common law rights have been violated by [Defendants]." (ECF No. 1, PageID.1.) Plaintiffs point to, among other things, "Michigan constitution article 1 section 11, article 1

---

[7] The Court may afford a document filed *pro se* liberal construction. *United States v. Smotherman*, 838 F.3d 736, 739 (6th Cir. 2016).

7

section 14, article 1 section 21, article 3 section 7" as the source of these rights. (*Id.*) They also purport to "counterclaim the above parties mentioned for 100 million . . . [f]or duress, mental suffering, [and] common law copyright violations." (*Id.* at PageID.2.) As set forth in detail below, Plaintiffs either fail to allege specific facts to sustain these claims or assert claims that are barred by law.

### 1. Legal Standard

Section 1915(e)(2) provides that "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . (B) the action or appeal[] (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." The dismissal standard under § 1915(e)(2)(B)(ii) is equivalent to that of Fed. R. Civ. P. 12(b)(6). *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (citations omitted). Under this standard, the Court "construe[s] the complaint in the light most favorable to the plaintiff, accept[s] all well-pleaded factual allegations as true, and examine[s] whether the complaint contains sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its

face." *Hill v. Snyder*, 878 F.3d 193, 203 (6th Cir. 2017) (internal quotations omitted) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

A complaint states a claim upon which relief may be granted if it alleges enough facts that, when assumed true, "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)."[D]etailed factual allegations" are not necessary, but under Fed. R. Civ. P. 8(a)(2) the pleading must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Id.* (second alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). The Court must accept a plaintiff's allegations as true unless they "rise to the level of the irrational or the wholly incredible." *Patterson v. Goodward*, 370 F. App'x 608, 609 (6th Cir. 2010) (quoting *Denton v. Hernandez*, 504 U.S. 25, 33 (1992)).

While a *pro se* complaint is to be construed liberally, *Smotherman*, 838 F.3d at 739, this does not relieve a plaintiff of the duty to satisfy basic pleading essentials, *Porter v. Genovese*, 676 F. App'x 428, 440 (6th Cir. 2017) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)). The complaint "'must contain either direct or inferential allegations respecting all the material elements' to recover under some viable legal

9

theory." *Barhite v. Caruso*, 377 F. App'x 508, 510 (6th Cir. 2010) (quoting *Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005)). If a complaint proffers nothing more than "conclusory, unsupported allegations" of wrongdoing by defendants, dismissal is appropriate. *Pack v. Martin*, 174 F. App'x 256, 258 (6th Cir. 2006) (quoting *Ana Leon T. v. Fed. Res. Bank*, 823 F.2d 928, 930 (6th Cir. 1987)).

"To state a [civil rights] claim under [42 U.S.C.] § 1983, a plaintiff must set forth facts that, when favorably construed, establish: (1) the deprivation of a right secured by the [federal] Constitution or laws of the United States; (2) caused by a person acting under the color of state law. *Baynes v. Cleland*, 799 F.3d 600, 607 (6th Cir. 2015) (citing *Sigley v. City of Parma Heights*, 437 F.3d 527, 533 (6th Cir. 2006)). A private person may act under color of state law "if they willfully participate in joint activity with state agents." *Cramer v. Detroit*, 267 F. App'x 425, 427 (6th Cir. 2008).

**2. Defendants Named Only in the Caption**

As an initial matter, Plaintiffs have not stated a claim against Defendants Peter Dever, Sarah Boogues, Jeanette Miracle Leshan, Suzanne Hollyer, Alisa Martin, Tara Perez, Shelly Wine, Michelle

10

Johnson, Amanda Tesolin, Tami Hanser, Jessica Cheney, and Morgan Andritsis. These twelve Defendants appear only in the caption of the complaint, and Plaintiffs allege no specific conduct by these individuals. (ECF No. 1, PageID.1.) Accordingly, dismissal of these twelve Defendants is also appropriate under § 1915(e)(2)(B)(ii).

### 3. Oakland County Friend of the Court

Plaintiffs have also not stated a claim against Defendant Oakland County Friend of the Court. The only relevant allegations Plaintiffs provide are that "Oakland County Friend Of The Court is located [at] 230 Elizabeth Lake Road[,] Ponti[a]c[,] MI" and that on "Saturday August 22 2020 Oakland County [F]riend of the [C]ourt was notified an[d] ask[ed] to fix all the corrections. Nothing transpired." (ECF No. 1, PageID.1.) While these allegations establish the Friend of the Court's location and that the Friend of the Court failed to respond to Plaintiffs' request, they do not provide a factual basis for the Court to identify a viable theory for relief. *See Barhite*, 377 F. App'x at 510. Accordingly, dismissal of Defendant Oakland County Friend of the Court is also appropriate under § 1915(e)(2)(B)(ii).

### 4. Lisa Cooper

11

Turning to Defendant Lisa Cooper, Plaintiffs claim only that she "neglect[ed] her constitutional duties" and caused "pain and suffering, [and] mental anguish." (ECF No. 1, PageID.5.) Plaintiffs also "question [the] moral conduct o[f] Lisa." (*Id.*) However, Plaintiffs provide no factual allegations about this Defendant beyond their conclusory accusations of wrongdoing. *See Pack*, 174 F. App'x at 258. Accordingly, dismissal of Defendant Lisa Cooper is also appropriate under § 1915(e)(2)(B)(ii).

### 5. Victoria Ann Valentine[8]

Under a section labeled "MOTION TO DISQUALIFY A JUDGE," Plaintiffs make the conclusory allegation that Defendant Victoria Ann Valentine "is in violation of the Michigan constitution." (ECF No. 1, PageID.9.) They further allege that "Valentine conspired to enslave Donnelle Maurice Shaw[] for a debt, a fictitious debt" in violation of the Michigan Constitution, that under "U[.]S[.] Constitution Article 1 [S]ection 10 [C]lause 1[,] only gold and silver can be used to pay off debts," and that "[V]alentine resided and initiated[] a[n] action that *as a judge* [V]alentine knew was unconstitutional." (*Id.* at PageID.9–10 (emphasis

---

[8] While Defendant Victoria Ann Valentine is named as "Victoria Ann Victoria" in the initial caption (ECF No. 1, PageID.1), Plaintiffs later identify and address her using the corrected surname (*see id.* at PageID.9–10).

12

added).) However, "[i]t is well-established that judges enjoy judicial immunity from suits arising out of the performance of their judicial functions." *Leech v. DeWeese*, 689 F.3d 538, 542 (6th Cir. 2012) (quoting *Brookings v. Clunk*, 389 F.3d 614, 617 (6th Cir. 2004)). Accordingly, dismissal of Judge Valentine is also appropriate under § 1915(e)(2)(B)(ii).

### 6. Jessica Cooper

Finally, Plaintiffs allege that Defendant Jessica Cooper, acting as Oakland County Prosecutor, filed a paternity complaint against Plaintiff Shaw in February 2015. (ECF No. 1, PageID.1, 7.) According to Plaintiffs, Cooper obtained a default judgment of filiation and a "uniform child support order . . . requiring a payment of [$]466.00 per month" against Shaw on May 13, 2015. (*Id.* at PageID.1.) While Plaintiffs make numerous demands of Cooper, the complaint contains no other specific factual allegations that could support a claim against her. (*See, e.g.*, *id.* ("I want Jessica Cooper to produce evidence of the debt under common law [A]rticle 3 [S]ection 7 Michigan [C]onstitution.").) As such, Plaintiffs fail to state a claim against Cooper. Moreover, prosecutors—like Cooper—have absolute immunity from individual suits for damages when they "act within the scope of their prosecutorial duties." *Red Zone*

13

*12 LLC v. City of Columbus*, 758 Fed. Appx. 508, 513 (6th Cir. 2019) (citing *Imbler v. Pachtman*, 424 U.S. 409, 420 (1976)). Accordingly, dismissal of Defendant Jessica Cooper is also appropriate under § 1915(e)(2)(B)(ii).

### III. Conclusion.

For the reasons set forth above, Plaintiffs' complaint is DISMISSED WITHOUT PREJUDICE.

IT IS SO ORDERED.

Dated: November 30, 2020      s/Judith E. Levy
Ann Arbor, Michigan      JUDITH E. LEVY
    United States District Judge

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on November 30, 2020.

    s/William Barkholz
    WILLIAM BARKHOLZ
    Case Manager